SAMPOL, PLAINTIFF AND APPELLANT, v. HEIRS OF COLÓN, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Debt.—Motion for New Trial.

No. 2873.—Decided May 11, 1923.

SURPRISE—PLEADING—NEW TRIAL.—Surprise at the trial does not consist in the presentation by the defendants of a check cashed by the plaintiff in order to prove payment, but presupposes some step by the defendants in opposition to their pleadings, statements or the like.

APPEAL—PERFECTION OF APPEAL.—An appeal will be dismissed when the appellate court has before it neither the pleadings nor the proof at the trial, but only the motion for a new trial, the affidavits and the order of the trial court, for these are not sufficient.

The facts are stated in the opinion.

*Mr. H. R. Francis* for the appellant.

*Messrs. González Fagundo & González Jr.,* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The court overruled a motion for a new trial on a state of affairs more or less set forth in *Sampol* v. *Heirs of Colón, ante,* page 796. Five grounds were assigned and those numbered four and five are necessarily disposed of in the foregoing case.

The third related to discovery of additional proof. We agree with the court below that no satisfactory showing of new evidence not discoverable with diligence was shown.

The appellant alleges surprise at the trial. In what this may consist we considered in *Clausells* v. *Ramírez,* 19 P. R. R. 55. It does not consist in the presentation by defendants of a check cashed by complainant in order to prove payment. Complainant may have forgotten this payment or thought it was for something else, but he was not surprised in the legal sense, which presupposes some step by defendants in opposition to their pleadings, statements or the like. Complainant's course should have been, if necessary, to ask for an extension of time at the original trial.

Appellant says that he could not foresee that defendants would deny the existence of two promissory notes. The difficulty, as we see the trial, was that the complainant failed to prove the existence of two notes and that if two existed he should have come to the trial prepared to prove that fact.

The court found that the motion for a new trial was presented too late. This holding the appellant does not discuss in his brief and the court appears to be right.

We have discussed these points with the other record before us. In reality this appeal must be dismissed because we have before us neither the pleadings nor the proof at the trial. The appellant has only presented the motion for a new trial, the affidavits and the order of the court thereon. This is not sufficient.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.